PER CURIAM.
Petitioner, Pick Kwik Food Stores (Pick Kwik), sued respondents, Eugene P. Crook-shanks, d/b/a The Wood Works, (Crook-shanks) and State Farm Fire and Casualty Company, for negligent performance of a construction contract. Crookshanks filed a counterclaim against Pick Kwik for monies owed under the same contract, obviously a compulsory counterclaim. The respondents also filed a third party complaint against Truss-Me, Inc. and Insurance Company of North America.
Subsequently, the parties entered into the following agreement:
JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE
Plaintiff, PICK KWIK FOOD STORES, INC., and Defendants, STATE FARM FIRE AND CASUALTY COMPANY, EUGENE P. CROOKSHANKS, d/b/a THE WOOD WORKS, and TRUSS-ME, INC. and INSURANCE OF NORTH AMERICA, stipulate and agree to dismiss the above cause, with prejudice, and represent that this cause has been amicably settled and that no controversy further exists among them.
The stipulation was signed by the attorneys for all parties. Based on the stipulation, the trial judge entered an order dismissing *1355 the cause with prejudice on February 8, 1982.
Notwithstanding the stipulation and order, on October 19,1982, respondents filed a motion- to set case for jury trial in the same case number. Subsequently, a notice of trial and order directing pretrial conference was entered. Pick Kwik objected and moved to strike on the ■ basis of the prior stipulation and dismissal. The motion to strike was denied, and Pick Kwik brings this action which we have treated as a petition for writ of prohibition.
Respondents contend that because the dismissal did not mention the pending counterclaim, it was not a dismissal of the entire case. However, the stipulation mentions all of the parties and concludes by stating that “no controversy further exists among them.” There is nothing in the stipulation which suggests that the dismissal was intended to be limited to the complaint.
Since the entire cause has been dismissed with prejudice, the trial court is without jurisdiction to set it or any portion thereof for trial. Accordingly, the petition for writ of .prohibition is granted.
GRIMES, A.C.J., and DANAHY and CAMPBELL, JJ., concur.